UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

BRETT GRANDCHAMP,

    Plaintiff,

v.

STATE FARM FIRE AND
CASUALTY COMPANY
    Defendants

Docket No.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1) The plaintiff, Brett Grandchamp is an individual residing at 65 College Avenue, in the Town of Orono, County of Penobscot, State of Maine.

2) The Defendant, State Farm Fire and Casualty Company (hereinafter "State Farm"), is an insurance company with a principal place of business at One State Farm Plaza, in the City of Bloomington, State of Illinois, and is incorporated under the Laws of the State of Illinois.

3) There is complete diversity between Brett Grandchamp and the Defendant State Farm Fire and Casualty Company.

4) There is more than $75,000.00 in controversy between Brett Grandchamp and the Defendants State Farm Fire and Casualty Company.

5) Venue is proper is the United States District Court for the District of Maine as Brett Grandchamp resides in the Town of Orono, County of Penobscot, State of Maine.

6) On or about August 5, 2016 Brett Grandchamp purchased his home at 65 College Avenue, Orono, Maine, including all the belongings therein.

7) At the time Brett Grandchamp purchased his home, he also purchased a Homeowner's Insurance Policy, #19-2795-Q31, through State Farm Fire and Casualty Company.

8) Under the terms of State Farm Fire and Casualty Company Homeowners Insurance Policy with Brett Grandchamp, Policy #19-2795-Q31, State Farm agreed to pay, inter alia, for claims caused by accidental damage to the property.

9) On or about January 27, 2018 Brett Grandchamp suffered accidental damage to the property.

10) State Farm Fire and Casualty Company agreed that Mr. Grandchamp's January 27, 2018 loss was a covered loss under the terms of the State Farms Homeowners Policy, Policy #19-2795-Q31.

11) Under the terms of State Farm Fire and Casualty Company Homeowners Policy with Brett Grandchamp, Policy #19-2795-Q31, State Farm Fire and Casualty Company agreed to pay for the repairs to the dwelling and the replacement cost of damaged personal property.

12) State Farm Fire and Casualty Company has agreed that the cost to repair the damage, caused by the accidental loss, to Brett Grandchamp's home at 65 College Avenue, Orono, Maine is $28,219.87.

13) State Farm Fire and Casualty Company has further agreed that the replacement and repair cost of Brett Grandchamp's personal property, damaged in the covered loss at 65 College Avenue on January 27, 2018 is $78,868.54.

14) State Farm Fire and Casualty Company has refused to pay the agreed upon amount of $28,219.87 to repair the damage at Brett Grandchamp's home at 65 College Avenue, Orono, Maine.

15) Brett Grandchamp, through his agent, has repeatedly requested that State Farm Fire and Casualty Company pay the agreed upon amount of $28,219.87 to repair the damage to Brett Grandchamp's home at 65 College Avenue, Orono, Maine.

16) Brett Grandchamp, through his agent, has repeatedly requested that State Farm Fire and Casualty Company pay the agreed upon amount of $78,868.54 to replace and repair the personal property damaged in the covered loss at 65 College Avenue, Orono Maine occurring on January 27, 2018.

17) State Farm Fire and Casualty Company has refused and continues to refuse to pay the agreed upon amount of $78,868.54 to replace and repair the personal property damaged in the covered loss on January 27, 2018 at 65 College Avenue, Orono, Maine.

18) State Farm Fire and Casualty Company operate under Generally Accepted Accounting Principles (GAAP).

19) Upon information and belief McKinsey & Company, a Worldwide Management and Consulting Company, worked with State Farm Fire and Casualty Company, to develop a plan to maximize profits by delaying, denying and defending all claims made upon State Farm Policies, regardless of whether the claims were owed and whether they had merit.

20) State Farm Fire and Casualty Company Claims Adjusters have engaged in dilatory and delaying tactics, including without limitation, requiring Brett Grandchamp to obtain replacement and repair values on items, covered under Homeowners policy #19-2795-Q31 for losses incurred January 27, 2018, which State Farm has subsequently refused to pay.

21) State Farm Fire and Casualty Company Claims Adjusters have denied payments on Brett Grandchamp's claim for the damages to his home and personal property.

## Count I
## Misrepresentation

22) The plaintiff repeats, re-avers, realleges and incorporates by reference the allegations contained in paragraphs One through Twenty-One as if fully set forth herein.

23) During the summer of 2016, Brett Grandchamp met with State Farm Fire and Casualty Company's Agent to discuss insuring his home at 65 College Avenue, Orono, Maine.

24) During that meeting in the summer of 2016 State Farm Fire and Casualty Company's agent represented to Brett Grandchamp that by purchasing the policy of insurance with State Farm, that if Brett Grandchamp had a covered loss State Farm Fire and Casualty Company would promptly pay to repair damages and pay replacement costs of personal property.

25) The State Farm Fire and Casualty Company Agent intentionally failed to advise Brett Grandchamp that any claim he made would be subject to a depreciation schedule which would result in a substantial reduction in the actual payments to repair damages and a similar reduction in monies to pay replacement costs.

26) Upon information and belief, during the summer of 2016 State Farm Fire and Casualty Company utilized an underwriter to determine the insurance value of Brett Grandchamp's home at 65 College Avenue, Orono, Maine to establish the appropriate premium to be paid to cover any loss to the building and contents.

27) Brett Grandchamp paid the insurance premium established by State Farm Fire and Casualty Company based on its valuation of his home at 65 College Avenue, Orono, Maine and its contents.

28) After Mr. Grandchamp's covered loss on January 27, 2018 State Farm Fire and Casualty Company's claim adjusters made several misrepresentations, including without

limitation: that State Farm Fire and Casualty Company was only obligated to pay $2,756.47; State Farm Fire and Casualty Company liability on repairing damages was limited; that if Mr. Grandchamp would research the repair and replacement costs on certain items that State Farm Fire and Casualty Company would promptly pay those losses.

29) State Farm Fire and Casualty Company's Agent and Adjusters were at all times acting with actual and/or apparent authority on behalf of the defendant, State Farm Fire and Casualty Company.

30) State Farm Fire and Casualty Company, through its agents, made material misrepresentations of material facts, to Brett Grandchamp, all as alleged in paragraphs one through twenty-eight and incorporated herein by reference.

31) State Farm Fire and Casualty Company's misrepresentations were made with knowledge of their falsity or in reckless disregard of whether they were true or false.

32) State Farm Fire and Casualty Company's misrepresentations were made for the purpose of inducing Brett Grandchamp to act, or to refrain from acting in reliance on the representations.

33) Brett Grandchamp justifiably relied on State Farm Fire and Casualty Company's misrepresentations as true and acted upon them, causing him to suffer economic loss.

Wherefore the plaintiff demands judgement in the amount of $107,088.41, against the Defendant State Farm Fire and Casualty Company, plus interest, costs, punitive damages, attorney fees, and such other and further relief as this Court deems just and proper.

## Count II
## Negligent Misrepresentation

34) The plaintiff repeats, re-avers, realleges and incorporates by reference the allegations contained in paragraphs One through Thirty-three as if fully set forth herein.

35) State Farm Fire and Casualty Company provided false information concerning material facts to Brett Grandchamp as alleged in paragraphs One through Thirty-three and incorporated herein by reference.

36) The false information provided by State Farm Fire and Casualty Company was provided to Brett Grandchamp for his guidance in his business transactions with State Farm Fire and Casualty Company.

37) State Farm Fire and Casualty Company failed to exercise reasonable care or competence in obtaining or communicating the information to Brett Grandchamp.

4

38) Brett Grandchamp justifiably relied upon the information provided by State Farm Fire and Casualty Company as true and acted upon it, causing him economic loss.

Wherefore the plaintiff demands judgement in the amount of $107,088.41, against the Defendant State Farm Fire and Casualty Company, plus interest, costs, and such other and further relief as this Court deems just and proper.

## Count III
## Promissory Estoppel/ Detrimental Reliance

39) The plaintiff repeats, re-avers, realleges and incorporates by reference the allegations contained in paragraphs One through Thirty-eight as if fully set forth herein.

40) State Farm Fire and Casualty Company should reasonably have expected the promises, as contained in paragraphs One through Thirty-eight, and incorporated as if were fully set forth herein, to induce action or forbearance on Brett Grandchamp's part.

41) State Farm Fire and Casualty Company's promises did induce action or forbearance on the part of Brett Grandchamp.

42) The failure of State Farm Fire and Casualty Company to honor its promises to Brett Grandchamp would result in an injustice.

Wherefore the plaintiff demands judgement in the amount of $107,088.41, against the Defendant State Farm Fire and Casualty Company, plus interest, costs, and such other and further relief as this Court deems just and proper.

## Count IV
## Breach of Contract

43) The plaintiff repeats, re-avers, realleges and incorporates by reference the allegations contained in paragraphs One through Forty-two as if fully set forth herein.

44) During the summer of 2016 State Farm Fire and Casualty Company offered to insure Brett Grandchamp's home at 65 College Avenue, Orono, Maine.

45) Brett Grandchamp accepted State Farm Fire and Casualty Company's offer and paid the premiums as required.

46) Under the terms of the contract, State Farm Fire and Casualty Company agreed to promptly pay any covered losses incurred by Brett Grandchamp for damages to the home

at 65 College Avenue, Orono, Maine and to promptly pay replacement costs for any personal property losses.

47) State Farm Fire and Casualty Company has breached its contracts with Brett Grandchamp by failing to promptly pay Brett Grandchamp for a covered loss for damages to the home located at 65 College Avenue, Orono, Maine and to promptly pay replacement costs for personal property loss in a covered loss.

Wherefore the plaintiff demands judgement in the amount of $107,088.41, against the Defendant, State Farm Fire and Casualty Company, plus interest, costs, and such other and further relief as this Court deems just and proper.

## Count V
## Bad Faith Breach of Contract/Breach of the Implied Covenant of Good Faith and Fair Dealings

48) The plaintiff repeats, re-avers, realleges and incorporates by reference the allegations contained in paragraphs One through Forty-Seven as if fully set forth herein.

49) Brett Grandchamp and the State Farm Fire and Casualty Company entered into a contract of insurance providing coverage for damage to his home and replacement costs for personal property damaged by a covered loss.

50) The contract of insurance, provided by State Farm Fire and Casualty Company, contained in Policy #19-2795-Q31 contains within it, a covenant of good faith and fair dealing.

51) Upon information and belief, the defendant, State Farm Fire and Casualty Company, breached that covenant by adopting an internal claims policy to delay payments on valid insurance claims; to deny payments on valid insurance claims and to defend against any litigation brought to compel them to pay a valid insurance claim.

52) As a direct and proximate result of State Farm Fire and Casualty Company's bad faith actions in delaying, denying and defending an agreed upon claim, Brett Grandchamp has suffered economic loss and severe emotional distress.

Wherefore the plaintiff demands judgement in the amount of $107,088.41, against the Defendant, State Farm Fire and Casualty Company, plus interest, costs, punitive damages, attorney fees, and such other and further relief as this Court deems just and proper.

## Count VI
## Unfair Claims Practice 24-A MRSA §2436-A

53) The plaintiff repeats, re-avers, realleges and incorporates by reference the allegations contained in paragraphs One through Fifty-Two as if fully set forth herein.

54) State Farm Fire and Casualty Company's actions in, inter alia; knowingly misrepresenting pertinent facts or policy provisions related to Brett Grandchamp's covered loss on January 27, 2018; Failing to pay an agreed upon claim within a reasonable time; failing to effectuate prompt, fair and equitable settlement of Brett Grandchamp's covered January 27, 2018 loss constitute unfair trade practices under Title 24-A MRSA §2436-A.

55) As a direct and proximate result of State Farm Fire and Casualty Company's actions Brett Grandchamp has suffered economic hardship and loss and severe emotional distress.

Wherefore the plaintiff demands judgement in the amount of $107,088.41, against the Defendant, State Farm Fire and Casualty Company, plus interest, costs, punitive damages, attorney fees, and such other and further relief as this Court deems just and proper.

**The Plaintiff demands a jury on all counts of his complaint.**

Dated: 25 January 2020

Brett Grandchamp
By and Through His Attorneys
Hawkes & Mehnert, PC

Eric M. Mehnert
Bar # 3724
Hawkes & Mehnert, PC
21 College Heights
Orono, Maine
207-735-7127